OPINION OF THE COURT
Thomas A. Stander, J.
The defendant, First National Bank of Rochester (First *74 National Bank), submits a motion seeking summary judgment dismissing the first and second causes of action stated in the complaint of the plaintiff, Donald J. Barbato, Jr. (Barbato).
The plaintiff, Donald J. Barbato, Jr., submits a motion seeking the following:
(a) summary judgment dismissing the affirmative defenses stated in the answer of the defendant, First National Bank;
(b) summary judgment in favor of the plaintiff against defendant, First National Bank; and
(c) summary judgment in favor of the plaintiff against defendants, Carl A. Steinbrenner and Ottawa Holdings, Inc.
The plaintiff commenced this action against the defendant, First National Bank, by summons dated March 25, 1998 and complaint dated March 16, 1998. There are two causes of action stated in the complaint: a claim for conversion based on acceptance of three checks without plaintiffs endorsement and a claim for commercial unreasonableness in the handling of the account and checks.
The plaintiff also commenced an action against the remaining defendants by summons and complaint dated January 27, 1998 setting forth five causes of action. This complaint alleges a claim for breach of promissory notes, for conversion, for breach of contract, for breach of a lease, and for breach of contract for failing to pay for insurance.
These two actions were consolidated, by stipulation and order for consolidation of actions dated May 11, 1998, under the above-captioned title and index No. 1998/00744.
FACTS
On August 1, 1995 the plaintiff, Barbato, as the president and sole shareholder of Pittsford Ice Cream Store, Inc., sold to Ottawa Holdings, Inc. the ice cream business located at 3030 Monroe Avenue. Donald J. Barbato also entered into a lease of the property to Ottawa Holdings, Inc. The transaction documents included, among others, a purchase agreement, a security interest in all property, and two promissory notes which are personally guaranteed by Carroll and Steinbrenner. Defendant, Robert G. Carroll, has filed for bankruptcy.
There was a fire at the business premises on August 19, 1996 which caused damage to the building and the contents, requiring the business to be closed for a period of time. Plaintiff received payment of the rental amount from the insurance *75 company while the business was closed. Insurance proceeds were also paid for the damages to the building and the contents. The defendant, Ottawa Holdings, Inc., performed repairs to the building and obtained replacement equipment. Three insurance drafts were made payable jointly to Ottawa Holdings, Inc. and plaintiff. All three were deposited into the account of Ottawa Holdings, Inc. without plaintiff’s endorsement.
Defendant purchasers were unable to make payments on the promissory notes and plaintiff, Barb ato, took back the business.
SUMMARY JUDGMENT MOTION OF FIRST NATIONAL BANK
The defendant First National Bank’s motion for summary judgment on the first cause of action must be denied. Based upon all the affidavits and exhibits submitted on the motions, there is a question of fact on a number of issues, including but not limited to, ratification, existence of damages, and authorization and use of the insurance proceeds.
The defendant, First National Bank, also seeks summary judgment dismissing the second cause of action alleged for commercial unreasonableness. This is a tort cause of action based upon negligence. In the motion papers, the plaintiff specifically responds to the defenses set forth by First National Bank on the first cause of action for conversion asserting First National is not entitled to summary judgment. However, the plaintiff does not present any question regarding the second cause of action. Therefore, there is no question of fact asserted by plaintiff regarding the commercial unreasonableness claim.
In addition, defendant submits in support of its motion for summary judgment dismissing the second cause of action the case of United States Small Bus. Admin. v Citibank (1997 WL 45514, 1997 US Dist LEXIS 1080 [SD NY, Feb. 4, 1997, Leisure, J.]) for the proposition that a common-law claim that a bank acted in a commercially unreasonable manner is displaced by or subsumed in an action based on UCC 3-419. In the instant case, the plaintiff relies upon and cites UCC 3-419 as a basis for its claim against First National Bank.
Based upon the evidence presented, the cited case law, and the failure of plaintiff to demonstrate a question of fact on the issue of commercial unreasonableness, defendant First National Bank’s motion for summary judgment dismissing the second cause of action set forth in plaintiff’s complaint is granted, the second cause of action is dismissed.
*76 SUMMARY JUDGMENT MOTION OF BARBATO
The plaintiff, Barbate, submits, a motion seeking summary-judgment against the defendants. As noted above, there are numerous questions of fact regarding the claims against and defenses set forth by First National Bank. The plaintiffs motion for summary judgment against defendant, First National Bank, is denied.
The motion by plaintiff for summary judgment against Carl Steinbrenner is based upon a guarantee of the promissory notes. The plaintiff’s motion is granted, in part, judgment is granted as to the liability of Steinbrenner under the guarantee for payment under the promissory notes. The court notes that the complaint only alleges that a guarantee exists on the promissory notes and states a claim under such guarantees for payment pursuant to the promissory notes. The, guarantee does not extend to the conversion claim. A determination of damages will occur at the time of the trial of this action.
The motion by plaintiff for summary judgment against Ottawa Holding, Inc. is granted. There was no opposition by defendant, Ottawa Holdings, Inc., to the plaintiff’s motion.
ORDER
Based upon the papers submitted in support and in opposition to the motions, the above decision, and after due deliberation, it is hereby ordered that the motion by defendant, First National Bank of Rochester, for summary judgment dismissing the first cause of action for conversion in the plaintiffs complaint is denied; it is further ordered that the motion by defendant, First National Bank of Rochester, for summary judgment dismissing the second cause of action for commercial unreasonableness in the plaintiffs complaint is granted and the second cause of action against First National Bank of Rochester is dismissed; it is further ordered that the motion by plaintiff, Donald J. Barbato, Jr., for summary judgment dismissing the affirmative defenses stated by defendant, First National Bank of Rochester, is denied; and it is further ordered that the motion by plaintiff, Donald J. Barbato, Jr., for summary judgment against the defendant Carl A. Steinbrenner, is granted as to liability, with damages to be determined at the time of trial; it is further ordered that the motion by plaintiff, Donald J. Barbato, Jr., for summary judgment against the defendant, Ottawa Holdings, Inc., is without opposition and is granted as to liability and damages.